HODSDEN *et als. v.* CALDWELL, Adm'r, *et als.*

CHANCERY PRACTICE. *Devastavit. Bill on administration bond. Will not lie. When.* After an administration account taken in an insolvent cause, and the adjudication upon the claims of creditors, and a sale of lands to pay debts in excess of assets, the devisees of the decedent, parties to the administration suit, cannot sustain a bill on the administration bond as for a *devastavit* so long as the decrees in the former suit remain in full force.

FROM SEVIER.

Appeal from the Chancery Court at Sevierville. O. P. TEMPLE, Ch.

T. R. CORNICK, Jr., for complainants.

CALDWELL & PICKLE for defendants.

COOPER, J., delivered the opinion of the court.

The bill in this case was filed by the widow and all of the children, except one, of Robert H. Hodsden, deceased, against the defendant, J. H. Caldwell, as the administrator, with the will annexed, of the estate of the deceased, and the other defendants as the sureties on the administrator's bond. The bill was dismissed on demurrer, and the complainants have appealed.

The facts disclosed by the bill are these: Caldwell qualified as administrator in March, 1866. On the 4th of November, 1867, he suggested the insolvency

of the estate, and on the 21st of July, 1868, he filed his bill against the widow, heirs, devisees, and creditors of the testator's estate, to have the estate administered in the Chancery Court. Such proceedings were had in that cause that an account of the personal assets, and of the estate, was taken, and lands were ordered to be sold for the payment of the debts in excess of personal assets. The present bill was filed to charge the defendants upon the administration bond for a devastavit in this, that the administrator failed to plead the statute of limitations to a large number of claims enumerated in the bill, which were allowed against the estate in the insolvent suit, and that he failed to realize assets which might have been collected by diligence, and allowed property of the estate to deteriorate or be lost by negligence.

The substance of the bill is, that after an administration account, regularly taken in a court having jurisdiction of the subject matter and the parties, and after the debts of the estate had been ascertained and judgments rendered in favor of the creditors, the complainants, parties to that suit, seek a new account of the administration, and to charge the administrator with claims allowed in that suit to which he might have successfully interposed the plea of the statute of limitations. In other words, the complainants, after having once had their day in court in and about the accounts of the administration, and the ascertainment of the debts of the estate, desire to retry these matters. If there be nothing else in the bill, it is too clear for argument that it cannot be sustained, no

matter how erroneous or inequitable the former de-crees may, in reality, be. If, after a decree, a bill would lie to retry the cause merely because error had supervened, the facts been misapprehended, or the party had neglected his case, there would be no end to liti-gation. The former decrees are conclusive. *Lindsley* v. *Thompson,* 1 Tenn. Ch., 272; *Knight* v. *Atkisson,* 2 Tenn. Ch., 384, and cases there cited. There is an allegation in this bill that the complainants were in-duced not to employ counsel in the administration suit by the advice of the administrator and his solic-itor, that the suit was amicable in its nature, and that the administrator would sufficiently guard the in-terest of the widow and heirs. But this suit is on the administration bond, and the fact alleged can have no effect on the rights of the parties so long as the former decrees remain in full force. The bill is not framed, nor does it seek to annul those decrees, nor are the necessary parties before the court to accom-plish that object. The sixth cause of demurrer is, therefore, well taken, and the Chancellor's decree must be affirmed with costs.